# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY LUCRETIA CLARK,<br>    **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-7122** |
| | : | |
| CAROLINE AZZARELLI, *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

**AND NOW** this the 17th day of April, 2026, upon consideration of Plaintiff Joy Lucretia Clark's Motion to Proceed *In Forma Pauperis* (Doc. Nos. 7 & 8), Complaint (Doc. No. 2), Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 9), and "Exhibits and Supporting Brief" (Doc. No. 10), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to restrict access to the Complaint (Doc. No. 2), the Motion to Proceed *In Forma Pauperis* and "Answer to Question" (Doc. Nos. 7, 8), the Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 9), and "Exhibits and Supporting Brief" (Doc. No. 10) to public terminal users only because the documents contain Personally Identifiable Information ("PII"). Pursuant to this Court's Local Rule 5.1.3., "[a]s documents in civil cases are publicly viewable (unless filed under seal), personal identifiers such as Social Security numbers, dates of birth, financial account numbers and names of minor children must be modified or partially redacted in all documents filed electronically or in paper."

4.      The Complaint is **DISMISSED WITH PREJUDICE AND WITHOUT PREJUDICE** for the reasons provided in the Court's Memorandum as follows:

    a.  The claim alleged against Defendant Caroline Azzarelli for a violation of the Americans with Disabilities Act is **DISMISSED WITH PREJUDICE** for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

    b.  All claims alleged on behalf of Clark's child, I.C., are **DISMISSED WITHOUT PREJUDICE** for lack of standing.  No leave to amend those claims is granted in this civil action.

    c.  The remaining federal claims alleged pursuant to 42 U.S.C. §§ 1983, 1985, the Americans with Disabilities Act, and the Rehabilitation Act are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

    d.  The state law claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5.      Clark may file an amended complaint within fourteen (14) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Clark's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting her amended complaint, Clark should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum.

Upon the filing of an amended complaint, the <u>Clerk shall not make service until so</u> **ORDERED** <u>by the Court</u>.[1]

6. The Clerk of Court is **DIRECTED** to send Clark a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Clark may use this form to file her amended complaint if she chooses to do so.

7. If Clark does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pleaded, she may file a notice with the Court within fourteen (14) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

---

[1] While the Court does allow Clark leave to amend, we do note—as we similarly noted and detailed in the Memorandum contemporaneously filed with this Order—Clark has filed **eleven** civil actions in this Court since October 2024, has been granted *in forma pauperis* in all of them, but **has never** stated a plausible legal basis for any of her claims.  This Court has previously cautioned Clark about her continued abuse of the judicial process and of *in forma pauperis* status, *see Clark v. PNC Bank*, No. 25cv885, 2025 WL 1698702, at *1 n.2 (E.D. Pa. June 17, 2025).  As such, the Court emphasizes that in light of Clark's history, and clear unwillingness to follow this Court's instructions, should she continue to abuse the Court's resources with meritless filings, the Court will take actions to restrict Clark's access to the Court in the future.  *See Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007) (explaining that a litigant's right of access to courts "must be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." (citations and internal quotation marks omitted)).

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.      If Clark fails to file any response to this Order, the Court will conclude that Clark intends to stand on her Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

9.      Clark's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 9) is **DENIED AS MOOT**.  *See Tunsil v. Taylor*, No. 25cv879, 2025 WL 1872490, at *4 (M.D. Pa. July 7, 2025) ("The court will also deny [p]laintiff's motion for [a TRO and PI] since there is no operative complaint in the matter.").

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).