IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY LUCRETIA CLARK,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-7122 |
| | : | |
| CAROLINE AZZARELLI, *et al.*, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**MARSTON, J.**                                                                                    **June 15, 2026**

*Pro se* Plaintiff Joy Lucretia Clark initiated this civil action in December 2025 against

The Advocacy Alliance ("the Alliance") and one of its employees, Caroline Azzarelli, raising

federal and state claims.  (Doc. No. 2.)  She also moved for leave to proceed *in forma pauperis*,

which was initially denied without prejudice for lack of sufficient financial information.  (Doc.

Nos. 1, 6.)  After Clark filed a new motion to proceed *in forma pauperis* (Doc. Nos. 7, 8), the

Court granted her leave to proceed *in forma pauperis* and dismissed the Complaint for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter

jurisdiction, with leave to amend.  *Clark v. Azzarelli*, No. 25-7122, 2026 WL 1045066, at *8

(E.D. Pa. Apr. 17, 2026).  Clark has now filed an Amended Complaint, which is ripe for

screening pursuant to § 1915.[1]  (Doc. No. 15.)  For the following reasons, the Court will dismiss

the Amended Complaint and will not provide further leave to amend.

---

[1] The same day she filed her Amended Complaint, Clark separately filed a "Supplemental Notice of Ongoing Conduct and Additional Evidence," complaining of Defendants' failure to acknowledge documentation she claims to have submitted to them the day before.  As the Court advised her previously, "Clark cannot proceed in this fashion because the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21cv1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'") (quoting *Uribe v. Taylor*,

I.      **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[2]

According to the Amended Complaint, the Alliance administers special needs trusts "and related matters affecting the Plaintiff," and Azzarelli is an employee and agent of the Alliance who was "directly involved in communications and decisions affecting the Plaintiff." (Doc. No. 15-1 at 1.) Clark believes that the Alliance receives federal funding. (Doc. No. 15 at 2.) She also alleges that "[b]eginning in or about 2024, Defendants caused to be submitted an IRS Form SS-4 using Plaintiff's Social Security Number without Plaintiff's knowledge or authorization." (Doc. No. 15-1 at 1.) When she later became aware her Social Security Number had been used, she contacted the Defendants requesting "documentation, and correction." (Doc. No. 15 at 2.) Defendants did not provide an adequate explanation or take corrective action. (*Id*.) She claims the action "exposed [her] to identity theft risk, financial harm, and potential tax liability." (*Id*.)

Clark states that she is being treated for ongoing psychiatric conditions and optic disk edema, which affect her ability to work, concentrate, manage daily tasks, and deal with stress. (*Id*.) She has been unable to maintain a job because of her medical conditions and has been seeking Social Security Disability benefits since 2024. (*Id*.) She states that she has required emergency care, and that her treating physician has "taken [her] out of work . . . due to the severity of her conditions." (*Id*.) Clark alleges that Defendants "were aware of [Clark's] medical conditions" and the effect that stress and instability had on her health. (*Id*.) Clark avers that from 2024 on, Defendants generally failed to timely respond to communications, process

---

No. 10cv2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011))." *Clark*, 2026 WL 1045066, at *1 n.1. Nevertheless, the Court need not apply this rule as nothing in Clark's supplemental filing would alter the Court's analysis regarding Clark's Amended Complaint.

[2] The factual allegations set forth in this Memorandum are taken from Clark's Amended Complaint and attachment (Doc. Nos. 15, 15-1). The Court deems the entire submission to constitute the Amended Complaint and adopts the pagination supplied by the CM/ECF docketing system.

requests, and provide clear answers to her inquiries, and that her health conditions got worse during that period. (*Id.*)

Clark initially filed this action asserting violations of her and her son's rights under the United States Constitution through 42 U.S.C. § 1983, along with discrimination and retaliation claims under the Americans with Disabilities Act (the "ADA"), and Section 504 of the Rehabilitation Act (the "RA"). *Clark*, 2026 WL 1045066, at *1. She also raised what the Court construed as an invasion of privacy claim under state law. *Id*. at *8. Because she improperly brought the lawsuit on her son's behalf, all claims asserted for her son were dismissed for lack of standing. *Id*. at *4. The Court dismissed the civil rights claims under § 1983 because Clark failed to plausibly allege that the Alliance or Azzarelli are state actors. *See id*. Her ADA and RA claims were dismissed because they were deficient in multiple respects, including that she failed to plausibly allege that she is a "qualified individual with a disability," that she was subjected to discrimination "on the basis of disability," or that she was retaliated against due to protected activity. *Id*. at *7–*8 & n.7. The Court dismissed her state law claims for lack of subject matter jurisdiction because she did not allege complete diversity of the parties. *Id*. at *8.

In her Amended Complaint, Clark reasserts claims for discrimination and retaliation under the RA and an invasion of privacy claim under state law. She includes an additional claim for negligence under Pennsylvania law. (Doc. No. 15 at 4.) She requests money damages.[3] (*Id*. at 5.)

---

[3] Clark seeks declaratory relief on her claims. Declaratory relief is unavailable to adjudicate past conduct, so Clark's request for this relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84; *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) ("A declaratory

## II.    STANDARD OF REVIEW

As Clark is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A complaint states a claim if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in Clark's Amended Complaint as true, draw all reasonable inferences in her favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  But conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").  And the Court construes the allegations of a *pro se* complaint liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

In addition, the Court must dismiss the action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues

---

judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").  The Court will therefore dismiss Clark's request for declaratory relief.

sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.  Claims Under the RA

Clark asserts disability discrimination and retaliation under § 504 of the RA by the Defendants. (Doc. No. 15 at 4); 29 U.S.C. § 794. "To state a claim under § 504, a plaintiff must demonstrate that: (1) she is a qualified individual with a disability; (2) she was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) she was discriminated against based on her disability." *Bittenbender v. Fam. Servs. Ass'n of Bucks Cnty.*, No. 25-5920, 2026 WL 561128, at *8 (E.D. Pa. Feb. 26, 2026) (quoting *Giterman v. Pocono Med. Ctr.*, 361 F. Supp. 3d 392, 409 (M.D. Pa. 2019)). Where a plaintiff, like Clark, seeks compensatory damages, she "must also [allege] intentional discrimination under a deliberate indifference standard." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 289 (3d Cir. 2019) (footnote omitted).

First, the claims asserted under the RA are improper to the extent that Clark alleges them in her Amended Complaint against Azzarelli. *Evans v. President of Thomas Jefferson Univ. Hosp.*, No. 22-1371, 2022 WL 2916685, at *4 (E.D. Pa. July 25, 2022) ("The proper Defendant under an RA claim is the entity receiving federal assistance." (citing *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) (explaining that "suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals"))). The RA claims alleged against Azzarelli will be dismissed.

5

Second, Clark once again fails to allege plausible facts supporting her assertion that she was subject to discrimination because of her disability.  In the prior Memorandum dismissing Clark's claims, the Court concluded that the RA claim was deficient (in addition to other ways) because Clark did not provide any facts that supported her "sweeping statements that she was subjected to discrimination."  *Clark*, 2026 WL 1045066 at *8.  As explained in the Memorandum, a plaintiff must provide facts that "independently permit the court to infer more than the mere possibility of misconduct."  *Id*. (citation and internal quotation marks omitted). But Clark failed to allege any plausible facts in her Complaint that the Alliance denied her the benefits of a program or activity on the basis of her disability.  *Id*.  The Court further instructed that Clark's amendment of the RA claim would require her to, "**in good faith**, allege additional facts . . . about how her rights as an alleged disabled person were violated."  *Id.*

Despite that guidance, Clark has not added additional allegations or perceptively changed her approach in the Amended Complaint.  Clark merely claims that the Defendants "were aware of Plaintiff's medical conditions."  (Doc. No. 15 at 3.)  She does not provide any facts beyond that conclusory statement that plausibly demonstrate that awareness; this lack of support is insufficient to state a claim.  *See Bou v. New Jersey*, No. 11-6356, 2012 WL 1600444, at *3 (D.N.J. May 7, 2012) (dismissing RA claim where plaintiff failed to plead sufficient facts demonstrating that police were aware of plaintiff's mental illness when they used force).  And even if she had provided such facts, nothing in the Amended Complaint suggests that the Alliance discriminated against Clark or that it did so based on her disability.  Clark states that Defendants engaged in "arbitrary, inconsistent, and non-responsive conduct," that "created instability and uncertainty" for her.  (Doc. No. 15 at 3.)  According to Clark, the Defendants' offending conduct consisted of failing "to provide timely, clear, or consistent responses" and

ignoring communications. (Doc. No. 15-3.) These vague characterizations of Defendants' responses to her inquiries or demands do not plausibly allege the denial of a program or activity necessary to state a discrimination claim. *See John v. Pennsylvania Dep't of Hum. Servs.*, No. 24-0781, 2024 WL 3204474, at *5 (E.D. Pa. June 26, 2024) (rejecting RA claim where amended complaint did not describe services, benefits, or programs from which the plaintiff was allegedly excluded). Nor do any facts in the Amended Complaint come close to suggesting that the Alliance discriminated against her *on account of* a disability. *Evans*, 2022 WL 2916685, at *5 & n.8 (noting "parallel definitions of disability" under the ADA and RA and rejecting RA claim in part because plaintiff made only conclusory allegations he was subject to discrimination because of his disability); *cf. Randolph v. Turgeon*, No. 21-316, 2022 WL 22209559, at *7 (M.D. Pa. May 5, 2022) (recommending dismissal of the ADA claim because "having a disability concurrently with an adverse event is not enough to state a plausible ADA claim"), *adopted by*, 2022 WL 22001377 (M.D. Pa. June 9, 2022). And insofar as Clark seeks monetary damages, her Amended Complaint also falls far short of alleging intentional discrimination under a deliberate indifference standard.[4] *Evans*, 2022 WL 2916685, at *4. So, the discrimination claims will be dismissed.

Third, Clark has again failed to state a plausible retaliation claim under the RA.[5] To state a retaliation claim under the RA, a plaintiff must allege "(1) she engaged in protected activity;

---

[4] Deliberate indifference is alleged where "(1) the defendant had knowledge that a federally protected right is substantially likely to be violated, and (2) the [defendant] failed to act despite that knowledge." *Evans*, 2022 WL 2916685, at *4 (internal quotation marks omitted)). Clark makes no plausible allegations of this kind in her Amended Complaint.

[5] Clark cites only to the RA as the federal basis for her action. She does not appear to allege a First Amendment retaliation claim under 42 U.S.C. § 1983. Such a claim would fail in any event because, as the Court explained in its prior Memorandum, neither the Alliance or Azzarelli is a state actor for the purposes of § 1983. *Clark*, 2026 WL 1045066, at *4 ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." (quoting

(2) she suffered a materially adverse action; and (3) there is a causal connection between the adverse action and the protected activity."[6] *Kendall v. Postmaster Gen. of U.S.*, 543 F. App'x 141, 144 (3d Cir. 2013) (citing *Fogleman v. Mercy Hospital, Inc.,* 283 F.3d 561, 567 (3d Cir. 2002)). Clark alleged in her original Complaint that she "asserted legal and disability-related rights." (Doc. No. 2 at 3.) As the Court explained in the prior Memorandum, this bald statement devoid of facts failed to convey "how and when she asserted her rights, and what, exactly, Defendants did to retaliate against her in response." *Clark*, 2026 WL 1045066, at *8 n.7. Yet, in the Amended Complaint, Clark again relies only on a statement that she engaged in protected activity by "asserting her legal rights." (Doc. No. 15 at 3.) For the same reasons as before, this statement is insufficient to plausibly allege protected activity. Further, objecting to the use of her Social Security Number and requesting remedial action does not constitute "protected activity" under the RA since the RA prohibits public entities receiving federal funds from denying benefits of a program or activity based on disability-based discrimination. *See Bittenbender*, 2026 WL 561128, at *8. Misuse of a social security number is not an act or practice made unlawful under the RA.

Moreover, even if she asserted some RA protected right in a manner recognized as "protected," Clark has not plausibly alleged causation. Clark needed to allege either "(1) an

---

*Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995))); *see also Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed.").

[6] The RA incorporates by reference the substantive standards of the ADA. *Kendall v. Postmaster Gen. of U.S.*, 543 F. App'x 141, 144 (3d Cir. 2013) (citing § 504 of the RA, 29 U.S.C. § 794(d), and the ADA, 42 U.S.C. §§ 12201–04, 12210). Section 503(a) of the ADA prohibits retaliation, providing that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *M.S. ex rel. Shihadeh v. Marple Newtown Sch. Dist.*, 82 F. Supp. 3d 625, 636 (E.D. Pa.), *aff'd in part, vacated in part, remanded sub nom. M.S. v. Marple Newtown Sch. Dist.*, 635 F. App'x 69 (3d Cir. 2015) (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Under "Retaliation," in her factual allegations, Clark merely claims that Defendants ignored her communications, failed to respond to her requests, and "continued inconsistent conduct." (Doc. No. 15 at 3.) She provides no temporal proximity between her alleged protected actions and the conduct, nor does she allege a pattern coupled with timing. For all of these reasons, the Court will dismiss the claims brought under the RA for failure to state a claim.

### B. State Law Claims

Clark also alleges Invasion of Privacy and Negligence claims under state law related to the alleged misuse of her social security number. (*Id.* at 4.) Because the Court has dismissed Clark's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Benefit Life Co.*, 800 F. 3d at 104 (quoting *Lincoln Prop. Co.*, 546 U.S. at 89, and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual

is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

As the Court noted in its prior Memorandum when it considered Clark's invasion of privacy claim under state law, diversity jurisdiction requires a plaintiff to satisfactorily plead complete diversity of the parties. *Clark*, 2026 WL 1045066, at *8. In her Amended Complaint, however, Clark does not allege diversity citizenship of the parties. She states that she resides in Philadelphia, Pennsylvania, but she does not provide any citizenship information in the Amended Complaint about the Defendants. (Doc. No. 15 at 2.) Clark's own allegations in the original Complaint provided that the Alliance is a Pennsylvania-based entity, which would destroy diversity jurisdiction. (Doc. No. 2 at 2.) So, Clark has not met her burden of alleging complete diversity to establish the Court's jurisdiction over any state law claim she intends to pursue, and her state law claims will be dismissed.

10

## IV.    CONCLUSION

For the foregoing reasons, Clark's claims alleged under the RA will be dismissed with prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  No further leave to amend will be given because amendment would be futile.[7]  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An appropriate order dismissing this case will be entered separately.  *See* Fed. R. Civ. P. 58(a).

---

[7] Clark has filed eleven civil actions in this Court since October 2024 and has moved to proceed *in forma pauperis* in all of them.  Between October 2024 and February 2025, Clark filed seven civil actions.  Clark never stated a plausible legal basis for any claim; rather, all of her cases were dismissed as frivolous, because she failed to state a claim upon which relief may be granted, or because subject matter jurisdiction was lacking.  *See Clark v. Navy Fed. Credit Union*, No. 24-5446 (E.D. Pa.), Doc. No. 15 (May 27, 2025 Order dismissing case with prejudice for failure to state Fair Credit Reporting Act, Truth in Lending Act, or state law claims); *Clark v. Experian*, No. 25-792 (E.D. Pa.), Doc. No. 7 (July 8, 2025 Order dismissing and closing case for failure to state claims under the Fair Credit Reporting Act and state law); *Clark v. Orphans Court Phila.*, No. 25-838 (E.D. Pa.), Doc. No. 8 (April 25, 2025 Order dismissing case with prejudice on immunity grounds); *Clark v. TD Bank*, No. 25-881 (E.D. Pa.), Doc. No. 8 (May 27, 2025 Order dismissing case with prejudice for failure to state claims under the Gramm Leach Bliley Act, the Massachusetts Data Breach Notification Law, and the New York Shield Law); *Clark v. Dep't of Educ.*, No. 25-883 (E.D. Pa.), Doc. No. 7 (July 21, 2025 Order dismissing claims alleging violations of the Higher Education Act, Federal Trade Commission Act, the Civil Rights Act , and state consumer laws); *Clark v. PNC Bank*, No. 25-cv-885 (E.D. Pa.), Doc. No. 7 (June 17, 2025 Order dismissing complaint alleging violations of the Fair Housing Act, Consumer Financial Protection Act, the Equal Credit Opportunity Act with prejudice as frivolous and failing to state a plausible claim); *Clark v. SoFi*, No. 25-909 (E.D. Pa.), Doc. No. 6 (June 4, 2025 Order dismissing case with prejudice for failure to state claims under the National Currency Act of 1863, the Federal Deposit Insurance Act, the Truth in Lending Act, or the Equal Credit Opportunity Act).  Given the volume of cases she filed between October 2024 and February 2025 and that Clark never alleged a viable legal basis for the wide variety of claims she sought to bring, the Court strongly cautioned her in its June 17, 2025 memorandum in *Clark v. PNC Bank* that "the continued abuse of the judicial process and of *in forma pauperis* status may result in the denial of an application to proceed *in forma pauperis* in the future.  *See Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (*per curiam*) (affirming district court's denial of *in forma pauperis* motion where litigant 'repeatedly and unsuccessfully filed lawsuits' claiming civil rights violations, which 'required the expenditure of significant judicial resources')."  2025 WL 1698702, at *1 n.2 (E.D. Pa. June 17, 2025).

Following the warning, Clark filed this matter on December 15, 2025, and proceeded to file three more civil actions within the first week of January 2026.  *See Clark v. Davita, Inc.*, Civ. No. 26-23 (E.D.

11

Pa.); *Clark v. Phila. Dep't of Hum. Servs.*, Civ. No. 26-102 (E.D. Pa.), and *Clark v. Phila. Parking Auth.*, Civ. No. 26-104 (E.D. Pa.). The latter two matters were dismissed for failure to prosecute and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), respectively. Due to Clark's demonstrated history of filing multiple meritless cases at the same time of varying subject matter, claims, and defendants, and her return a mere five months after her last case closed (and after she was warned of possible consequences of abusing the judicial process), the Court issued a stern warning in its prior Memorandum that the Court would take actions restricting Clark's meritless filings should she continue to abuse the judicial process and the *in forma pauperis* privilege, including in her amended complaints in this case and in *Clark v. Phila. Parking Auth.*, No. 26-104, and in the statutory screening of *Clark v. Davita, Inc.*, No 26-23. The recent pleadings have not diverged from her well-established pattern. Accordingly, the Court will take action to limit her ability to file meritless actions in the future. *See Clark v. DaVita, Inc.*, No. 26-23 (Doc. No. 9 (Order to Show Cause)); *see also Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007) (explaining that a litigant's right of access to courts "must be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." (citations and internal quotation marks omitted)).